## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA

April Maner, Kevin Sasser, and
Pat Morrow, individually and on behalf of all other
similarly situated individuals,                          Case No.

       Plaintiffs,
v.                                                       **COMPLAINT**

AmericaHomeKey, Inc.,                           **(JURY TRIAL DEMANDED)**

       Defendant.

---

Plaintiffs April Maner, Kevin Sasser, and Pat Morrow ("Plaintiffs"), on behalf of themselves and all others similarly situated, by and through their attorneys, Nichols Kaster, PLLP bring this action against AmericaHomeKey, Inc. ("Defendant") for damages and other relief relating to violations of the Fair Labor Standards Act.

### JURISDICTION AND VENUE

1.    This Court has original jurisdiction to hear this Complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA").

2.    Venue is proper in the United States District Court for the Northern District of Georiga pursuant to 28 U.S.C. § 1391 because Defendant operates in

1

this district, maintains an office in Atlanta, Georiga and because a substantial part of the events giving rise to the claims occurred in this district.

## PARTIES

3.     Defendant AmericaHomeKey, Inc. ("AHK") is a Texas corporation with its corporate headquarters located in Dallas, Texas.

4.     According to its website, AHK provided home financing throught its branch offices and via the internet, offering mortgage products such as FHA, VA, conventional, fixed rate and adjustable rate mortgages.

5.     Defendant operates office locations in several locations around the country including an office in Atlanta, Georiga.

6.     Defendant is in the business of selling mortgage loans, and engages in interstate commerce by, among other things, selling mortgage loans in multiple states, including Georgia.  Upon information and belief, Defendant's gross annual sales made or business done has been $500,000.00 or greater.

7.     At all relevevant times, Defendant is, and has been, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203(d).

2

8.    Plaintiff April Maner is an adult resident of the State of Georgia. Plaintiff was employed by Defendant as a "closer" from approximately August 2009 to November 2011.

9.    Plaintiff Kevin Sasser is an adult resident of the State of Georgia. Plaintiff was employed by Defendant as a "funder" from approximately November 2009 to November 2011.

10.    Plaintiff Pat Morrow is an adult resident of the State of Georgia. Plaintiff was employed by Defendant as a "mortgage underwriter" from approximately November 2009 to August 2011.

11.    Plaintiffs Maner, Sasser, and Morrow bring this action on behalf of themselves and all other similarly situated individuals pursuant to 29 U.S.C. § 216(b).  Plaintiffs and the similarly situated individuals were, or are, employed by Defendant as closers, funders, and mortgage underwriters, or other job titles performing similar duties across the country during the applicable statutory period.

12.    Plaintiffs and others similarly situated have been employed by Defendant within two to three years prior to the filing of this lawsuit.  See 29 U.S.C. § 255(a).

## FACTUAL ALLEGATIONS

13.    Plaintiffs and those similarly situated allege and incorporate by

reference the allegations in the preceding paragraphs.

14.    During the applicable statutory period, Plaintiffs and those similarly situated worked as closers, funders, and mortgage underwriters for Defendant.

15.    Plaintiffs and the similarly situated individuals were paid a salary with no overtime pay.

16.    Upon information and belief, in approximately February 2011, Defendant uniformly reclassified its closers, funders, and mortgage underwriters as non-exempt and began paying them overtime pay.

17.    Prior to the reclassification in early 2011, however, Defendant uniformly misrepresented to Plaintiffs and other closers, funders, and mortgage underwriters that they were exempt salaried employees and therefore ineligible to receive overtime pay.   In reality, Plaintiffs and other closers, funders, and mortgage underwriters are, and were, non-exempt production employees who are, and were, entitled to overtime pay.   Defendant is in the business of selling mortgages.   The work performed by Plaintiffs and other closers, funders, and mortgage underwriters is, and was, directly related to mortgage sales.

18.    Prior to the reclassification, Defendant suffered and permitted Plaintiffs and the similarly situated individuals to work more than forty (40) hours per week without overtime pay.

4

19.     Defendant has been aware, or should have been aware, that Plaintiffs and the similarly situated individuals performed non-exempt work that required payment of overtime compensation.  For instance, Plaintiffs and the similarly situated individual worked overtime in order to meet the company's expectations in terms of the volume of closed loans per month, and to complete all of their job responsibilities.

20.     Plaintiffs' supervisors knew that Plaintiffs and those similarly situated were working overtime hours because at times, Plaintiffs would communicate with their supervisors after hours and supervisors were present in the office during the overtime hours.

21.     Defendant is aware of wage and hour laws, as evidenced by the fact that it began to pay closers, funders, and mortgage underwriters overtime compensation sometime in early 2011.  Moreover, it is common industry knowledge that courts and the United States Department of Labor have found that employees who perform work directly related to mortgage sales are non-exempt.

22.     Upon information and belief, although they had a legal obligation to do so prior to the reclassification, Defendant did not make, keep, or preserve accurate records of the hours worked by Plaintiffs and the similarly situated individuals.

## COLLECTIVE ACTION ALLEGATIONS

23.    Plaintiffs, on behalf of themselves and all similarly situated individuals, restate and incorporate by reference the above paragraphs as if fully set forth herein.

24.    Plaintiffs file this action on behalf of themselves and all similarly situated individuals.   The proposed collective class for the FLSA claims are defined as follows (the "FLSA Collective Class"):

> **All persons who worked as closers, funders, mortgage underwriters, and other job titles performing similar duties for Defendant at any time since three years prior to the filing of this Complaint until the date Defendant began paying them overtime pay in accordance with the law.**

25.    Plaintiffs have consented in writing to be a part of this action pursuant to 29 U.S.C. § 216(b).  Plaintiffs' signed consent forms are attached as Exhibit A. In addition to the three named Plaintiffs, other similarly situated individuals are consenting to join the case.  Their signed consent forms are attached as Exhibit B. As this case proceeds, it is likely that other individuals will file consent forms and join as "opt-in" plaintiffs.

26.    During the applicable statutory period, prior to the reclassification in early 2011, Plaintiffs and those similarly situated routinely worked in excess of forty (40) hours per workweek without receiving overtime compensation for their overtime hours worked.

27.     Defendant willfully engaged in a pattern of violating the FLSA, 29 U.S.C. § 201 et seq., as described in this Complaint in ways including, but not limited to, failing to pay its employees overtime compensation.

28.     Defendant's conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

29.     Defendant is liable under the FLSA for failing to properly compensate Plaintiffs and the similarly situated individuals.   Accordingly, notice should be sent to the FLSA Collective Class.   There are numerous similarly situated current and former employees of Defendant who have suffered from the Defendant's practice of denying overtime pay, and who would benefit from the issuance of court-supervised notice of this lawsuit and the opportunity to join.   Those similarly situated employees are known to Defendant, and are readily identifiable through Defendant's records.

## CAUSES OF ACTION

## COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT
## FAILURE TO PAY OVERTIME
**(on behalf of Plaintiffs and the similarly situated individuals)**

30.   Plaintiffs, on behalf of themselves and all similarly situated individuals, restate and incorporate by reference the above paragraphs as if fully set forth herein.

31.   The FLSA, 29 U.S.C. § 207, requires employers to pay employees one and one-half times the regular rate of pay for all hours worked over forty (40) hours per workweek.

32.   Prior to the reclassification, Defendant suffered and permitted Plaintiffs and the FLSA Collective Class to routinely work more than forty (40) hours per week without overtime compensation.

33.   Defendant's actions, policies, and practices described above violate the FLSA's overtime requirement by regularly and repeatedly failing to compensate Plaintiffs and the FLSA Collective Class at the required overtime rate.

34.   Defendant knew, or showed reckless disregard for the fact, that it failed to pay these individuals overtime compensation in violation of the FLSA.

35.   As the direct and proximate result of Defendant's unlawful conduct, Plaintiffs and the FLSA Collective Class have suffered and will continue to suffer a loss of income and other damages. Plaintiffs and the FLSA Collective Class are entitled to liquidated damages and attorneys' fees and costs incurred in connection with this claim.

8

36. By failing to accurately record, report, and/or preserve records of hours worked by Plaintiffs and the FLSA Collective Class, prior to the reclassification, Defendant failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201, *et seq.*

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a). Defendant knew, or showed reckless disregard for the fact, that its compensation practices were in violation of these laws.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and all others similarly situated, pray for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Class and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals apprising them of the pendency of this action, and permitting them to assert FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Judgment against Defendant in the amount of Plaintiffs' and the similarly situated individuals' unpaid back wages at the applicable overtime rates, and an equal amount as liquidated damages;

C. Appropriate civil penalties;

9

D. A finding that Defendant's violations of the FLSA were willful;

E. All costs and attorneys' fees incurred prosecuting this claim;

F. An award of prejudgment interest (to the extent liquidated damages are not awarded);

G. Leave to add additional plaintiffs and/or state law claims by motion, the filing of written consent forms, or any other method approved by the Court; and

H. All further relief as the Court deems just and equitable.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs, on

behalf of themselves, and all simliarly situated individuals, demand a trial by jury.

Dated: February 22, 2012          **AUSTIN & SPARKS, P.C.**

John T. Sparks, GA Bar No. 669575
2974 Lookout Place N.E., Suite 200
Atlanta, GA 30305
Telephone: (404) 869-0100
Fax: (404) 869-0200
jsparks@austinsparks.com

## NICHOLS KASTER, PLLP

Rachhana T. Srey, MN Bar No. 340133*
Paul J. Lukas, MN Bar No. 22084X*
4600 IDS Center

10

80 South 8th Street
Minneapolis, MN  55402
Telephone: (612) 256-3200
Facsimile:  (612) 215-6870
srey@nka.com
lukas@nka.com
*pro hac vice admission forthcoming*


**Attorneys For Plaintiffs and the Similarly Situated**